IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAZARO ROBBIO,**

        **Plaintiff,**

                                    CIVIL ACTION
  **vs.**                              No. 06-3091-SAC

**(FNU) GARZA, et al.,**

        **Defendants.**

### ORDER

This matter comes before the court on plaintiff's motion for reconsideration (Doc. 14). Plaintiff, a prisoner in federal custody, commenced this civil action in the United States District Court for the Southern District of Florida. The matter was construed as an action filed pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). Because plaintiff names as defendants two officers employed at the United States Penitentiary, Leavenworth, the matter was transferred to this district.

This court conducted an initial review of the complaint and directed plaintiff to supplement the record with a showing of his use of the administrative remedy procedure. Plaintiff filed a supplement but did not respond specifically to the order that

he demonstrate exhaustion.  The court dismissed this matter without prejudice on June 1, 2006.

In support of his motion for reconsideration, the plaintiff attaches a notice dated March 26, 2007, notifying the plaintiff that his administrative claim for damages under the Federal Tort Claims Act was received on March 13, 2007, and that a response is due on September 9, 2007. (Doc. 14, Attach.)

At the time of the court's earlier order, controlling precedent in the Tenth Circuit required a prisoner to affirmatively plead exhaustion of available remedies.  Steele v. Federal Bureau of Prisoners, 355 F.3d 1204 (10th Cir. 2003). Recently, however, the U.S. Supreme Court determined that the "failure to exhaust is an affirmative defense under the PLRA...." Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (2007).

Following the issuance of the Bock decision, the Tenth Circuit has recognized that a court may dismiss a prisoner's complaint where it is clear from the face of the complaint that the prisoner has not exhausted administrative remedies.  The court reserved such action to rare cases. Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

An intervening change in the law ordinarily is grounds for granting a motion for reconsideration.  Brumark Corp. v. Samson

Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995).

To the extent this matter may be construed as an action filed pursuant to the Federal Tort Claims Act, the material supplied by plaintiff shows that he has submitted an administrative claim, apparently some months following the dismissal of this action, but it does not show that he has exhausted that remedy. Accordingly, the court finds it is clear from the record that plaintiff has not exhausted available remedies and concludes no basis to grant the motion for reconsideration exists.

However, to the extent plaintiff proceeds under Bivens, he may be entitled to relief from the dismissal. Because plaintiff is subject to the provisions of 28 U.S.C. § 1915(g),[1] he must pay the full filing fee of $350.00 before he may proceed in this matter, unless he is in imminent physical harm. Plaintiff's claim that the defendants seized some cassette tapes and legal materials from him does not support such a finding. The court therefore will grant plaintiff thirty days to submit the filing fee. If that fee is received by the clerk of the court, the motion for reconsideration will be granted.

---

[1] A copy of an order entered in the United States District Court for the Northern District of Indiana making that finding is attached.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted thirty (30) days to submit the $350.00 filing fee to the clerk of the court.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 20th day of April, 2007.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge